UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DARRIN HARSLEY,

    Defendant.

)  CASE NO.  1:22CR603
)
)
)
)  Judge John R. Adams
)
)  ORDER
)
)

Pending before the Court is Defendant Darrin Harsley's *pro se* motion for compassionate release. Doc. 42.   Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

[1] The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists

six categories of extraordinary and compelling reasons that may support compassionate release.

Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse

suffered in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar

to those in the first four categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are

"most unusual" and "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir.

2022 (citation omitted). And in any event, district judges retain considerable discretion to

determine whether a defendant's reasons are extraordinary and compelling. *See United States v.*

*Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

> The § 3553 factors referenced in the statute include (1) the nature and circumstances
> of the offense and the defendant's history and characteristics; (2) the need for the
> sentence imposed to reflect the seriousness of the offense; (3) the need to protect
> the public from further crimes of the defendant; (4) the sentencing guideline range;
> and (5) the need to avoid unwarranted sentence disparities among defendants with
> similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors
> implicitly allow the Court to consider the amount of time served when determining
> if a reduction in sentence is appropriate. Also, district courts can consider non-
> retroactive changes in law relevant to sentencing as part of their weighing the §
> 3553(a) sentencing factors. District courts are encouraged to be explicit and
> particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7,

2024)(citations and quotations omitted).

Harsley argues that because he received "status" points when calculating his criminal

history points and the sentencing guidelines have since been amended to reduce the application of

those points.  Harsley, however, did not receive status points.  Moreover, his criminal history

was automatically moved to a category six when he was determined to be a career offender.   As such, none of the amended guidelines apply to him and therefore cannot form the basis to alter his sentence.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

November 7, 2024
Date

_/s/John R. Adams_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE